UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | |
|---|---|
| JOHN BENJAMIN HICKMAN | CIVIL ACTION 16-00195 |
| VS. | SECTION P |
| | JUDGE S. MAURICE HICKS |
| RED RIVER HEALTH DEPT., ET AL | MAGISTRATE JUDGE HAYES |

### REPORT AND RECOMMENDATION

Before the court is the civil rights complaint (42 U.S.C. § 1983) of *pro se* plaintiff John Benjamin Hickman, filed *in forma pauperis* on February 10, 2016. At the time of the filing of this suit, Plaintiff was incarcerated at the Red River Parish Jail in Coushatta, Louisiana. [Rec. Doc. 5, p.2, ¶II(a)] He has since been released. [Rec. Doc. 8] He named Red River Health Dept., Red River Elementary School, Red River Parish Sheriffs Dept., Yashica Thomas Turner, Charlotte Thomas Taylor, Johnny Taylor and Joey Wiggin as his defendants. He prays for damage in the amount of one trillion dollars ($1,000,000,000,000).

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the court.

### *Statement of the Case*

On February 10, 2016, plaintiff filed his Complaint in the instant matter using a form Complaint for a Civil Case. His Statement of Claim includes intelligible ramblings regarding his H.I.V. status (negative), his sexuality (heterosexual) and his religion (Muslim). [Rec. Doc. 1, p.5, ¶ III]

Since his pleading was not on the form required by Local Rules of Court, he was directed to amend a provided the proper form for submitting his civil rights claim. On March 8, 2016, he re-submitted his complaint on the appropriate form. His statement of claim in this pleading was as indecipherable as the first. [Rec. Doc. 5, p. 3, ¶ IV]

On June 23, 2016, he was ordered to amend his complaint to state what each named defendant did to violate his constitutional rights with respect to the incident alleged and further, state with specificity the nature and extent of the injuries he claims to have sustained as a result of each defendant's fault.

On July 8, 2016, he submitted a document which stated the following:

Yashica Thomas Turner, Charlotte Thomas Taylor, Johnny Taylor and Joey Wiggin

#1 Yashica Thomas Turner Medical of Red River Health Dept. Exhibit Dx

Code Z00.00   H.I.V. 1 and 2- EIA-Oraquick Rapid Constitution H.I.V. test

#2 The test result not fact medical date state by defendant

#3 No H.I.V.

[Rec. Doc. 12]

On July 12, he filed a document which stated, "Notice from U.S. District Court Westerns (sic) District of Louisiana. The 11-135 1470 the issues of all the issues of my well being. Now I move 5:16-00195 Exhibit. Encounter for General Adult Medical Examination without abnormal finding. - No H.I.V." [Rec. Doc. 14]

On July 22, 2106, plaintiff submitted a Path/Lab Order from Red River PHU evidencing negative results from HIV test. [Rec. Doc. 15]

Finally, on August 3, 2016, plaintiff filed a document stating, "Case Now, Mrs. Yashica Thomas Turner. Acknowledge case Case WON 7-31-2016. Diversity cannot be spoke on Islam. 16-CV-195 no H.I.V. compensates pays $1,000,000,000,000 compensated by defendant Yashica Thomas Turner Coushatta La. Red River Health Dept." [Rec. Doc. 16]

*Law and Analysis*

*1. Frivolity Review*

When a prisoner is allowed to proceed *in forma pauperis* in a suit against an officer or employee of a governmental entity pursuant to 42 U.S.C. §1983, the court is obliged to evaluate the complaint and dismiss it without service of process, if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C.1915A; 28 U.S.C.1915(e)(2). *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir.1990).

A claim is frivolous if it lacks an arguable basis in law or in fact. *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir.1993); see, *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992). A civil rights complaint fails to state a claim upon which relief can be granted if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations of the complaint. Of course, in making this determination, the court must assume that all of the plaintiff's factual allegations are true. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir.1998). A hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n. 4 (5th Cir.1991). A district court may dismiss a prisoner's civil rights complaint as frivolous based upon the complaint and exhibits alone. *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir.1986).

District courts must construe *in forma pauperis* complaints liberally, but, they are given broad discretion in determining when such complaints are frivolous. *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d 94, 97 (5th Cir.1994).

A civil rights plaintiff must support his claims with specific facts demonstrating a constitutional deprivation and may not simply rely on conclusory allegations. *Schultea v. Wood*, 47 F.3d 1427, 1433 (5th Cir.1995). Nevertheless, a district court is bound by the allegations in a plaintiff's complaint and is "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d at 97.

The law accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the factual allegations and dismiss those claims whose factual contentions are clearly baseless. *Neiztke v. Williams*, 490 U.S. 319, 327, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). A complaint is frivolous if it lacks an arguable basis in fact (i.e. the facts are clearly baseless, a category including allegations that are fanciful, fantastic, or delusional). *Hicks v. Garner*, 69 F.3d 22, 25 (5th Cir.1995); *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir.1993); *Denton v. Herndandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992).

Plaintiff has submitted several pleadings and "exhibits" which are impossible to decipher. Plaintiff need not be afforded another opportunity to amend his complaint since it is clearly subject to dismissal on initial review in accordance with the provisions of 28 U.S.C. §§1915 and 1915A. Further, it appears that additional opportunities for amendment would serve no useful purpose.

Accordingly,

**IT IS RECOMMENDED** that plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim on which relief may be granted pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) business days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** See *Douglass v. United Services Automobile Association,* 79 F.3d 1415 (5th Cir. 1996).

In Chambers, Monroe, Louisiana, August 4, 2016.

_____
**KAREN L. HAYES**
**UNITED STATES MAGISTRATE JUDGE**